**BUCKLEY LLP**
FREDRICK S. LEVIN (State Bar No. 187603)
flevin@buckleyfirm.com
GEOFFREY L. WARNER (State Bar No. 305647)
gwarner@buckleyfirm.com
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Telephone: (310) 424-3900
Facsimile: (310) 424-3960

Attorneys for Defendant PNC Financial
Services Group, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUADALUPE ALVARENGA CORONA, individually and on behalf of a class of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation; AND DOES 1-100,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and 28 U.S.C. §§ 1331, 1332, 1446 and 1453, Defendant PNC Financial Services Group, Inc. ("PNC Financial") hereby files this Notice of Removal, removing the action styled *Guadalupe Alvarenga Corona, individually and on behalf of a class of other similarly situated individuals v. The PNC Financial Services Group, Inc., et al.*, Case No. 20STCV24007 (the "State Court Action") to the United States District Court for the Central District of California, Western Division (the "Court").

In support of its Notice of Removal and as grounds for removal, PNC Financial states as follows:

## I. BACKGROUND

1. On June 22, 2020, Plaintiff Guadalupe Alvarenga Corona ("Plaintiff") filed the State Court Action in the Superior Court of California for the County of Los Angeles. The Complaint in the State Court Action asserts the following causes of action: (1) breach of contract; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (3) violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*; and (4) violation of California Business and Professions Code § 17200 (the "UCL"), *et seq.*

2. To the best of PNC Financial's knowledge, no other proceedings, processes, pleadings, orders or other papers have been filed or served in the State Court Action other than the Summons and Complaint, attached as **Exhibits A and B**.

3. PNC Financial has satisfied all procedural requirements of 28 U.S.C. §§ 1446 and 1453, and thereby removes this action to the Court pursuant to 28 U.S.C. §§1331, 1332, 1441, 1446, and 1453.

## II. THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441(a)

4. The Court has original jurisdiction of this case under 28 U.S.C. §§

1331, 1332, and the action is one that may be removed to the Court pursuant to 28 U.S.C. § 1441(a) by reason of the following:

5.  **Federal Question**: The "well-pleaded complaint rule" provides that federal jurisdiction exists where a properly-pleaded complaint presents a federal question on its face. *See Cal. v. U.S.*, 215 F.3d 1005, 1014 (9th Cir. 2000). "[A] case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). PNC Financial needs only show that a single claim arises under federal law for removal to be appropriate. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

6.  Here, the second cause of action of the Complaint asserts claims against PNC Financial based upon alleged violations of the FDCPA, a claim within the jurisdiction of federal courts. *See* 15 U.S.C. § 1692k(d). Thus, claims arising under the laws of the United States, or "federal questions," are presented, which provide the Court jurisdiction over the claims under 28 U.S.C. §1331 and makes the State Court Action removable to this court under 28 U.S.C. § 1441(a).

7.  **Supplemental Jurisdiction**: Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining causes of action because they form part of the same case or controversy that is the subject of Plaintiff's federal claim. *See* 28 U.S.C. §§ 1367(a), 1441(a); *City of Chicago v. Int'l Conference of Surgeons*, 522 U.S. 156, 156-59 (1997) (the District Court properly permitted removal and exercised supplemental jurisdiction over plaintiff's state law claims where both of plaintiff's state and federal claims derived from "a common nucleus of operative fact"). Indeed, each of these causes of action arises from the same nucleus of operative facts as the second causes of action: PNC Financial's alleged assessment and collection of pay-to-pay fees from Plaintiff and the proposed putative class, which Plaintiff alleges were not expressly authorized under the relevant agreement between the parties. *Compare* Compl. ¶¶ 70-77 (second cause of action for violations of the FDCPA) with *id.* ¶¶ 62-69, 78-88, 89-94 (first, third,

1 and fourth causes of action for breach of contract, violation of the RFDCPA, and
2 violation of the UCL, respectively). Considerations of convenience, judicial
3 economy and fairness to the litigants weigh in favor of this Court exercising
4 jurisdiction over Plaintiff's entire Complaint. *See United Mine Workers v. Gibbs*,
5 383 U.S. 715, 725-26, 86 S. Ct. 1130 (1966).

6     8. Therefore, the Court has jurisdiction over all claims in the Complaint.

**III. THIS COURT ALSO HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA"), 28 U.S.C. §§ 1332(d) AND 1453**

10     9. This Court also has original jurisdiction of this action under CAFA.
11 Sections 1332(d)(2) and (4) provide that a district court shall have original
12 jurisdiction of a class action with 100 or more putative class members if: (1) any
13 plaintiff is a citizen of a state different from any defendant (*i.e.*, minimal diversity
14 exists); and, (2) the amount in controversy exceeds CAFA's jurisdictional threshold
15 of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

16     10. This Court has original jurisdiction of this case under 28 U.S.C. §
17 1332(d), and the action is one that may be removed to the District court pursuant to
18 28 U.S.C. § 1453 by reason of the following:

19     11. **The Proposed Class Exceeds 100 Members**. Sections 1332(d)(2)-(4)
20 do not apply if the members of all proposed plaintiffs classes in the aggregate is less
21 than 100. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "[a]ccording to PNC
22 Financial's servicing records there are **thousands** of class members." Compl. ¶ 55
23 (emphasis added). Accordingly, and without conceding liability, appropriateness of
24 class treatment, appropriateness of Plaintiff's class definition, or the validity of
25 Plaintiff's claims for relief, if the allegations in the Complaint are accepted as true,
26 there are more than 100 proposed class members. *See, e.g.*, *Phillips v. Wellpoint,*
27 *Inc.*, No. 10-cv-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying
28 on allegation in plaintiff's complaint that "the proposed class will exceed 20,000

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

1 policyholders and group members" to support a finding of jurisdiction under
2 CAFA).

3     12.  **<u>Minimal Diversity of Citizenship is Satisfied</u>**.  CAFA's minimal
4 diversity requirement is satisfied when "any member of the class of plaintiffs is a
5 citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

6     a.  As alleged in the Complaint, Plaintiff is a resident of California.
7 Compl. ¶ 9.  For diversity purposes, a person is a "citizen" of the state in which he
8 or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090
9 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *See State Farm*
10 *Mutual Auto Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994).  Accordingly,
11 Plaintiff is a citizen of the State of California.

12     b.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed
13 to be a citizen of any State by which it has been incorporated and of the State where
14 it has its principal place of business[.]"  The United States Supreme Court has
15 concluded that a corporation's "principal place of business" is "where a
16 corporation's officers, direct, control, and coordinate the corporation's activities," or
17 its "nerve center."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  "[I]n
18 practice," a corporation's nerve center should "normally be the place where the
19 corporation maintains its headquarters."  *Id.*  "The public often (though not always)
20 considers it the corporation's main place of business."  *Id.* at 1193.

21     c.  PNC Financial is incorporated in the State of Pennsylvania.
22 Declaration of Will Hardrick ("Hardrick Decl.") ¶ 4; *see also* Compl. ¶ 10.

23     d.  Pursuant to the *Hertz* nerve center test, PNC Financial has its
24 principal place of business in Pittsburg, Pennsylvania.  Specifically, its headquarters
25 are located in Pittsburg, Pennsylvania.  *Id.*

26     e.  The citizenship of defendants sued as "Doe" defendants is
27 disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(a).

28     f.  Minimal diversity of citizenship is thus established, pursuant to

BUCKLEY LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

CAFA, inasmuch as Plaintiff (who is alleged to be a member of the putative class) is a citizen of the State of California (Compl. ¶ 9) and PNC Financial is a citizen of Pennsylvania (Compl. ¶ 10).

13. **The $5 Million Amount in Controversy Requirement Is Satisfied**.

To remove an action to federal court under CAFA, the amount in controversy must exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Plaintiff's Complaint does not plead a specific amount of damages, though the amount in controversy is ascertainable from the allegations set forth in the Complaint. In such circumstances, a defendant "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and the defendant's amount in controversy allegation should be accepted if not contested by the plaintiff or questioned by the court." *Varsam v. Lab. Corp. of Am.*, No. 14cv2719 BTM(JMA), 2015 WL 4199287, at *1 (S.D. Cal. July 13, 2015); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (same). If contested, removal is proper so long as the defendant establishes by a preponderance of evidence that a plaintiff demands in excess of $5 million in damages in the aggregate for himself or herself and the putative class. *See Abrego v. Dow Chem. Co*., 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.").

14. A defendant's burden of proof on removal "is not daunting, as courts recognize that … a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id.* at 1205. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's

complaint, not what a defendant will *actually* owe." *Id*. (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM(JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

    a.    The crux of Plaintiff's Complaint is that PNC Financial charged Plaintiff fees not expressly authorized by her Deed of Trust. On behalf of the putative classes, she asserts the same fundamental unauthorized fee allegations. In particular, she alleges that PNC Financial charges her (and putative class members) an unauthorized "pay-to-pay" fee of at least $7.00 each time she (or they) paid a monthly payment by telephone or internet. (Compl. ¶ 3.)

    b.    Among other things, the Complaint asserts that Plaintiff, and the members of the putative classes pleaded in the Complaint, are entitled to damages, including restitution of the money (*i.e.*, the pay-to-pay fees) that PNC Financial allegedly collected without authorization. *See* Compl. ¶¶ 77, 88, 94; *see also* Compl. at Prayer For Relief, ¶¶ 2-7 (seeking for Plaintiff and for the putative class, an award of compensatory and exemplary damages, statutory damages and/or penalties, a permanent injunction enjoining PNC Financial's purported unlawful conduct, and expenses and costs of suit, including reasonable attorney's' fees, and such other and further relief as the Court deems prudent.) Plaintiff thus claims entitlement to relief, and has placed in controversy in this action, at least the amount of the supposed unauthorized fees.

    c.    Without conceding liability, appropriateness of class treatment, appropriateness of plaintiff's class definitions, or the validity of Plaintiff's claims for relief, it follows that based on the allegations of the complaint, the amount in controversy in this action "exceeds the sum or value of $5,000,000" within the meaning of 28 U.S.C. § 1332(d)(2).

    d.    In particular, the supposedly unauthorized Speedpay fees

1  collected on a nationwide basis between June 22, 2019 and June 22, 2020 equal
2  **$4,115,773.00**.  Hardrick Decl. ¶ 7.  In addition, the supposedly unauthorized
3  Speedpay fees collected between June 22, 2016 and June 22, 2019, from borrowers
4  with a California address, equal **$1,227,107.00**.  *Id*., ¶ 8.  The total of these supposed
5  unauthorized Speedpay fees alone exceeds $5,000,000, for purposes of determining
6  the amount of controversy.

7  　　　　e.　　Further, the value of the requested permanent injunction is
8  included as part of the amount that has been put in controversy by the Complaint.
9  *See Hoang v. Supervalu Inc.*, 541 Fed. Appx. 747 (9th Cir. 2013), citing *Hunt v.*
10 *Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d
11 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established
12 that the amount in controversy is measured by the value of the object of the
13 litigation.").  *See also, Berry v. Am. Exp. Pub., Corp.*, 381 F. Supp. 2d 1118, 1123-
14 24 (C.D. Cal. 2005) (holding that the valuation of injunctive relief for purposes of
15 establishing the CAFA $5,000,000 controversy requirement can be measured either
16 on the aggregate value of the class members' claim or on the costs to defendant in
17 providing whatever relief is sought); *Anderson v. Seaworld Parks & Entm't, Inc.*,
18 2015 WL 5612499 (N.D. Cal. Sept. 24, 2015) (denying remand after removal to
19 federal court, holding that cost of compliance with the requested injunction exceeds
20 $5,000,000).

21 　　　　f.　　In addition, under CAFA, the potential cost of an attorneys' fee
22 award should also be considered when calculating the amount in controversy.
23 *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("We have
24 held that attorneys' fees were properly included in the amount in controversy in a
25 class action."), overruled on other grounds, *Rodriguez v. AT&T Mobility Servs. LLC*,
26 728 F.3d 975, 977 (9th Cir. 2013); *Yeroushalmi v. Blockbuster, Inc*., No. CV 05-
27 225-AHM(RCX), 2005 WL 2083008, at *3, *5 & n.4 (C.D. Cal. July 11,
28 2005) (holding that under CAFA, the amount put in controversy includes the

1 potential fee award); *see also Tompkins v. Basic Research LLC*,, No. CIV. S-08-244
2 LKK/DAD, 2008 WL 1808316, *4 (E.D. Cal. Apr. 22, 2008) (including 25% of the
3 common fund for attorneys' fees when calculating amount in controversy).

4       g.    Here, Plaintiff also seeks to recover attorneys' fees. Compl. ¶¶
5 77, 88, at Prayer for Relief, ¶ 5.

6       h.    Without conceding liability or the appropriateness of Plaintiff's
7 request for attorneys' fees, such fees could also potentially be significant because
8 Plaintiff alleges "there are thousands of class members." Compl. ¶ 50.

9       i.    Plaintiff's request for injunctive relief and attorneys' fees adds
10 further to the amount in controversy, eliminating any residual doubt that the
11 statutory threshold for CAFA jurisdiction has been met. *See* 28 U.S.C. §
12 1332(d)(2).

13       j.    Accordingly, without conceding that Plaintiff or the purported
14 class members are entitled to damages or could recover damages in any amount, the
15 amount in controversy in this putative class action, in the aggregate, is in excess of
16 $5,000,000 exclusive of interest and costs based on the representations and
17 allegations contained in the Complaint.

18 **IV. OTHER REMOVAL REQUIREMENTS ARE SATISFIED**

19     15.  **Timeliness**: Removal is timely filed as required by 28 U.S.C. §1446(b).
20 Plaintiff filed the Complaint on June 22, 2020, and PNC Financial files this notice
21 within thirty (30) days of that date.

22     16.  **Venue:** The Western Division of the Central District of California
23 comprises, among others, the County of Los Angeles. 28 U.S.C. § 84(c)(2). The
24 State Court in which this action was commenced (County of Los Angeles) lies
25 within the Western Division of the Central District and removal to this Division of
26 the Court is required by 28 U.S.C. § 1446(a).

27     17.  **Compliance with 28 U.S.C. § 1446(a)**: In accordance with 28 U.S.C.
28 § 1446(a), a true and correct copy of all process, pleadings, or orders filed or served

upon PNC Financial in the State Court Action are attached hereto as **Exhibits A and B**.

18. **Compliance with 28 U.S.C. § 1446(d)**: In accordance with 28 U.S.C. § 1446(d), PNC Financial will promptly serve on Plaintiffs and file with the Superior Court in and for the County of Los Angeles a notice of filing this Notice. Attached as **Exhibit C** is a copy of the Notice of Filing of Notice of Removal, excluding exhibits, to be filed in the State Court.

19. Accordingly, PNC Financial hereby removes this action from the Superior Court of California in and for the County of Los Angeles to this Court.

DATED: July 22, 2020  BUCKLEY LLP

By:     /s/ Fredrick S. Levin
    Fredrick S. Levin
    Geoffrey L. Warner
    Attorneys for Defendant PNC Financial Services Group, Inc.

# **CERTIFICATE OF SERVICE**

I, Fredrick S. Levin, an attorney for Defendant PNC Financial Services Group, Inc., hereby certify that on this 22nd day of July, 2020, a copy of the foregoing **NOTICE OF REMOVAL** was served via U.S. Mail, on the following:

| | |
|---|---|
| Marcus J. Bradley, Esq.<br>Kiley Lynn Grombacher, Esq.<br>Lirit Ariella King, Esq.<br>BRADLEY/GROMBACHER, LLP<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, CA 91361<br>Telephone: (805) 270-7100<br>Facsimile: (805) 270-7589<br>mbradley@bradleygrombacher.com<br>kgrombacher@bradleygrombacher.com<br>lking@bradleygrombacher.com | Attorneys for Plaintiff<br>Guadalupe Alvarenga Corona |

/s/ Fredrick S. Levin
Fredrick S. Levin

**BUCKLEY LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Tel (310) 424-3900 • Fax (310) 424-3960