UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ALVARENGA CORONA, individually and on behalf of a class of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania Corporation; AND DOES 1-100,<br><br>Defendants. | Case No. 2:20-cv-06521-MCS-SPx<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 60)** |

Before the Court is an unopposed Motion for Preliminary Approval of Class Action Settlement filed by Plaintiff Guadalupe Alvarenga Corona ("Corona"). Mot., ECF No. 60. Oral argument took place on August 16, 2021. Corona also filed supplemental briefing on August 16, 2021. ECF No. 64. After considering all papers filed in support of the motion, the Court **GRANTS** the motion.

/ / /

## I. BACKGROUND

Plaintiff Guadalupe Alvarenga Corona ("Corona") filed a class action concerning Defendant PNC Financial Services Group, Inc.'s ("PNC") practice of charging "Pay-to-Pay" fees under California law. SAC ¶¶ 3–8; Mot. 1. The parties now request that the Court do the following:

(1) Grant preliminary approval of the Settlement;

(2) Conditionally certify a class for settlement purposes;

(3) Conditionally appoint plaintiff Corona as Settlement Class Representative and plaintiff's counsel Bradley Grombacher, LLP and Lexicon Law, PC as Settlement Class Counsel;

(4) Approve the parties' proposed form and method of distributing notice of the action and proposed Settlement Agreement to Settlement Class Members;

(5) Conditionally appoint KCC Class Action Services, LLC as the Settlement Claims Administrator;

(6) Set deadlines for the filing of any objections to, or requests for exclusion from, the Settlement; and

(7) Set a hearing date and briefing schedule for Final Approval of the Settlement and plaintiff's application for a service award and counsel fees and expenses.

*See generally* Notice of Mot.; Mot.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." "[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Review of the settlement is meant to be "extremely limited" and should consider the settlement as a

whole. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). At the preliminary approval stage, the Court need only consider whether the proposed settlement "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011).

### III. DISCUSSION

#### A. Class Certification for Settlement Purposes

##### i. Numerosity

To satisfy the numerosity requirement under Rule 23(a)(1), the class must be "so numerous that joinder of all members is impracticable," but not necessarily impossible. *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 588 (C.D. Cal. 2008). The parties agree that the class size is approximately 14,847 members. Mot. 6. The numerosity requirement is satisfied. *Villalpando v. Exel Direct, Inc.*, 303 F.R.D. 588, 605-606 (N.D. Cal. 2014) ("[C]ourts have routinely found the numerosity requirement satisfied when the class compromises 40 or more members.").

##### ii. Commonality

The second prerequisite under Rule 23(a) is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts have construed this commonality requirement permissively. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). As the Ninth Circuit explained, "[a]ll questions of fact and law need not be common to satisfy the rule;" instead, the "existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* at 1019. "[T]he commonality requirement is interpreted to require very little." *In re Paxil Litig.*, 212 F.R.D. 539, 549 (C.D. Cal. 2003). "[F]or the commonality requirement to be met, there must only be

///

one single issue common to the proposed class." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996).

Here, the proposed class members share common questions of law and fact, as all were borrowers on residential mortgage loans PNC serviced. Common questions include whether PNC had a policy or practice of collecting the Pay-to-Pay fees and whether those fees violate the Rosenthal Act. Mot. 7. Accordingly, the commonality requirement is satisfied.

### iii. Typicality

The third prerequisite under Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. A "court does not need to find that the claims of the purported class representative are identical to the claims of the other class members" to find typicality. *Haley*, 169 F.R.D. at 649. The class representatives "must be able to pursue [their] claims under the same legal or remedial theories as the unrepresented class members." *Paxil*, 21 F.R.D. at 549.

Corona, as class representative, asserts that her claims meet typicality "because they arise from the same course of conduct: charging borrowers a fee to make payments." Mot. 7. Because Corona's and other class members' claims arise from the same course of conduct and any suits based thereon would likely pursue the same legal and remedial theories, the Court finds the typicality requirement is satisfied.

### iv. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This determination "is a question of fact that depends on the circumstances of each case." *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 661 (S.D. Cal. 2010) (citation omitted). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any

conflicts of interest with other class members[,] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Corona states that "there is no evidence of any conflict of interest" and she "shares the same interest in securing relief for her claims in this case as every other class member - since they are harmed in the same way." Mot. 8. Class counsel has devoted time and effort to the litigation, investigating Corona's claims and conducting formal and informal discovery. Decl. of Kiley Lynn Grombacher ("Grombacher Decl.") ¶¶ 6–15. Counsel also has experience handling class actions, has knowledge of the applicable law, and has committed all necessary resources to represent the class. *Id.* ¶¶ 38–45, 57.

The Court finds Corona and class counsel protect the interests of the class.

### v. Rule 23(b)(3)

Rule 23(b)(3) applies where the court finds (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

First, the "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022. Here, common questions of law and fact predominate, and a class action is superior to individual litigation. Questions of law or fact common to the class members predominate over individualized questions because the issues at stake are common to the proposed class—namely:

///

(1) whether Defendant had a policy or practice of charging Pay-to-Pay Fees; (2) whether Defendant violated the Rosenthal Act by charging Pay-to-Pay Fees; (3) whether Defendant violated the UCL; and (4) whether Plaintiff and the Class were damaged by Defendant's conduct. Plaintiff's claims here depend on the common contentions that Pay-to-Pay Fees are neither authorized by class members' mortgages or permitted by law.

Courts have regularly certified similar claims for settlement under Rule 23. *See, e.g., Silveira v. M&T Bank*, No. 2:19-cv-06958-ODW(KSx), 2021 WL 2403157, at *1 (C.D. Cal. May 6, 2021); *Sanders v. LoanCare, LLC*, No. CV 18-9376 PA (RAOx), 2020 WL 8365241 (C.D. Cal. Dec. 4, 2020) (certifying similar claims under the Rosenthal Act and UCL for settlement purposes). Further, a class action appears to be a far superior method of adjudicating the class members' claims. Mot. 9–10. It would be inefficient for all potential class members to bring individual actions, and the costs of litigation would dwarf any recovery. *Id.* Accordingly, as each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met, the class may be provisionally certified for settlement purposes.

### B. Product of Serious, Informed, Non-Collusive Negotiations

A review of the Motion and accompanying declarations supports "that procedure for reaching this settlement was fair and reasonable and that the settlement was the product of arms-length negotiations." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1080. Counsel for each party was experienced and had a comprehensive understanding of the strengths and weaknesses of the claims and defenses. *Id.*; *see* Grombacher Decl. ¶¶ 10–15, 23–36; *see also* Mot. 12–14. The settlement was also reached after mediation with a neutral mediator, Jeff Kichaven. Grombacher Decl. ¶¶ 16–22.

### C. No Obvious Deficiencies

While the Court finds no obvious deficiencies are present at this stage, the Court notes that it cannot sufficiently evaluate the reasonableness of the attorney's fees and costs accrued during this litigation. And while "$5,000 is presumptively reasonable" as

an "award in the Ninth Circuit," there is not enough evidence before the Court to determine whether Corona should receive $5,000. *Smith v. Am. Greetings Corp.*, No. 14-cv-02577-JST, 2016 WL 362395, at *10 (N.D. Cal. Jan. 29, 2016); Grombacher Decl. ¶ 45, Ex. A.

As these issues are not determined at the preliminary approval stage, the Court withholds its determination until the final approval stage.

### D. Falls Within the Range of Possible Approval

Whether a settlement "falls within the range of possible approval," depends on "substantive fairness and adequacy," and the court should "consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1080. The burden is on counsel proposing the settlement to show that the settlement is adequate. *Philliben v. Uber Techs., Inc.*, No. 14-cv-05615-JST, 2016 WL 4537912, at *9 (N.D. Cal. Aug. 30, 2016).

Here, the Settlement Fund represents 33% of damages. Mot. 15. This settlement is reasonable when compared to PNC's potential substantive defenses, arguments related to limits on Rosenthal Act claims, and the risk that Corona could fail to obtain class certification. Mot. 17–18. Moreover, this settlement is in line with other settlements in similar cases involving Pay-to-Pay Fees. *See, e.g., Sanders*, 2020 WL 8365241 at *7–10 ($3.4 million fund representing 38.64% of the fees); Final Order and Judgment, *Garcia v. Nationstar Mortgage, LLC*, No. 2:15-cv-1808 (W.D. Wash.), Dkt. 122 ($3.875 million common fund representing approximately one third of damages in Pay-to-Pay Fee case). The Court finds that the settlement falls within the range of possible approval.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion, conditionally certifies the class for settlement purposes only, and preliminary approves the class action settlement and the definitions, terms and provisions of the Settlement Agreement, which are hereby incorporated in this Order.

The class for settlement purposes ("Settlement Class" or "Class") is defined as follows:

> All persons who were borrowers on residential mortgage loans serviced by PNC and secured by residential real property located in the State of California who, during the Class Period, paid at least one fee to PNC for making a loan payment by telephone, interactive voice response system, or the internet, which PNC has not refunded.

Kiley Grombacher, Marcus Bradley, and Robert Fisher of Bradley/Grombacher, LLP and John Habashy of Lexicon Law, PC are conditionally appointed as Class Counsel. The Class conditionally shall be represented by named Plaintiff Guadalupe Alvarenga Corona. The Court also conditionally appoints KCC Class Action Services, LLC, as the Settlement Claims Administrator.

The Court further approves the proposed method for providing notice of the Settlement to the Settlement Class Members, as reflected in Sections 6.B and 6.C (the "Proposed Notice Plan") in the Settlement Agreement. The Court has reviewed the Proposed Notice Plan and finds that the Settlement Class Members will receive the best notice practicable under the circumstances and that the Proposed Notice Plan comports with Rule 23 and due process.

The Court specifically approves the Parties' proposal that on an agreed upon date with the Claims Administrator, but in no event later than **October 31, 2021**, the Claims Administrator shall cause individual Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit A, together with (i) the Email Notice, substantially in the form attached to the Settlement Agreement as Exhibit 4, to be emailed, to the current or last known email addresses of all reasonably identifiable Settlement Class Members, and with (ii) the First Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit 5, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members, and with (the "Notice Date"). The Court specifically approves the procedures set forth in the

Settlement Agreement for identifying Settlement Class Members, and for re-emailing/re-mailing notice packets and performing advanced address searches for Settlement Class Members' addresses if returned as undeliverable. The Court further approves the payment of notice costs as provided in the Settlement Agreement.

A Final Fairness Hearing is hereby set for 9:00 a.m. on January 24, 2022, at 9:00 a.m. A Motion for Final Approval of the Settlement shall be filed no later than December 1, 2021. Class Counsel shall move for approval of attorney's fees, litigation expense reimbursements, and a class representative service award no later than fourteen (14) calendar days before the objection deadline. Plaintiff may file reply papers, if any, and Defendant may file papers, if any, no later than December 22, 2021.

Any Settlement Class Member who wishes to object to or opt-out of the Settlement must do so no later than ninety (90) days after the issuance of this order and in compliance with the requirements and procedures set forth in the Settlement Agreement and Class Notice. The claims administrator shall report the names and addresses of all persons and entities that submitted timely and proper Requests for Exclusion to the Court, Settlement Class Counsel and Defendant's Counsel no later than December 22, 2021. Any supplemental memoranda by Class Counsel and Defendant addressing any objections and/or opt-outs, and any other matters in further support of final approval, shall be filed no later than December 22, 2021.

All other terms and provisions of the Settlement Agreement are hereby preliminarily approved.

**IT IS SO ORDERED.**

Dated: September 9, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE