**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley Lynn Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
        kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff, Guadalupe Alvarenga Corona and the Putative Class

*All Additional Counsel Listed on Following Page.*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ALVARENGA CORONA, individually and on behalf of a class of other similarly situated individuals,<br><br>                Plaintiff,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation; AND DOES 1-100,<br><br>                Defendants. | **CASE NO: 2:20-cv-06521-MCS-SPx (aco)** (Assigned for All Purposes to Hon. Mark C. Scarsi, Courtroom 7C)<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION  FOR AWARD OF ATTORNEYS FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND APPROVAL OF SERVICE AWARD TO CLASS REPRESENTATIVE**<br><br>***(Filed concurrently with Declaration of Kiley Lynn Grombacher, Esq.)*** |

**Additional Counsel for Plaintiff and the Putative Class:**

**LEXICON LAW, PC**

John R. Habashy, Esq. (SBN 236708)

Tiffany N. Buda, Esq. (SBN 232679)

633 W. 5th Street, 28th Floor

Los Angeles, CA 90071

Tel: (213) 223-5900

Fax: (888) 373-2107

Email:  john@lexiconlaw.com
        tiffany@lexiconlaw.com

PLAINTIFF'S NOTICE OF MOTION AND MOTION  FOR AWARD OF ATTORNEYS FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND APPROVAL OF SERVICE AWARD TO CLASS REPRESENTATIVE

## NOTICE OF MOTION

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 24, 2022, at 9:00 a.m. or as soon thereafter as it may be heard, in Courtroom 7C of the above-entitled court at 350 W First St., Los Angeles, California, Plaintiff Guadalupe Alvarenga Corona ("Corona" or "Plaintiff"), on behalf of HERSELF and all members of the Settlement Class, will respectfully move this Court for orders, pursuant to Rule 23 of the Federal Rules of Civil Procedure: (1) granting final approval of the proposed Settlement of the Action; and (2) approving the proposed Plan of Allocation for the net proceeds of the Settlement.

This motion is supported by the following memorandum of points and authorities, the accompanying Declaration of Kiley Grombacher ("Grombacher Decl."), and the exhibits attached thereto, the Settlement Agreement and Release dated July 7, 2021 (the "Stipulation"), all other pleadings and matters of record, and such additional evidence and testimony as may be presented before, at, or after the hearing.

A proposed order will be submitted after the December 8, 2021 deadline for requesting exclusion or objecting has passed.

Dated: December 1, 2021

**BRADLEY/GROMBACHER, LLP**
**LEXICON LAW, PC**

By: /s/ Kiley Lynn Grombacher
    Marcus J. Bradley, Esq.
    Kiley Lynn Grombacher, Esq.
    John R. Habashy, Esq.
    *Attorneys for Plaintiff*

PLAINTIFF'S NOTICE OF MOTION AND MOTION  FOR AWARD OF ATTORNEYS FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND APPROVAL OF SERVICE AWARD TO CLASS REPRESENTATIVE

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   THE SERVICE PAYMENT SHOULD BE APPROVED ...............................4

III.  THE FEE AWARD SOUGHT IS REASONABLE AND FAIR .......................5

      A.   Reasonable Percentage of the Fund Recovered Is the Appropriate Method
           for Awarding Attorneys' Fees in Common Fund Cases ...................6

      B.   A Percentage Fee of 30% Is Reasonable in This Case .......................8

           1.   The Results Achieved ...........................................9

           2.   The Risks of Litigation........................................9

           3.   Contingent Nature of the Fee ................................10

           4.   Awards In Similar Cases .....................................11

      C.   Plaintiffs' Counsel's Requested Fee Is Also Reasonable When Measured
           Using the Lodestar Method. ........................................13

           1.   Plaintiff's lodestar is the result of swift and efficient litigation...................13

           2.   In performing the cross-check, a modest multiplier is appropriate.............16

      D.   Class Counsel's Reasonable Costs Should Be Reimbursed ...........................17

IV.   CONCLUSION......................................................................................17

# TABLE OF AUTHORITIES

**CASES**

*Bluetooth Headset Prods. Liability Litig.*,
    654 F.3d 935 (9th Cir. 2011) ........................................................................5

*Blum v. Stenson*,
    465 U.S. 886 (1984) ....................................................................................7

*Booth v. Strategic Realty Trust, Inc.*,
    No. 13-cv-04921-JST, 2015 WL 6002919 (N.D. Cal. Oct. 15, 2015) ...............7

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) ...........................................................................6

*In re CenturyLink Sales Pracs. & Sec. Litig.*,
    No. CV 17-2832, 2020 WL 7133805 (D. Minn. Dec. 4, 2020) ......................4

*In re ECOtality, Inc. Sec. Litig., No.*
    13-cv-03791-SC, 2015 WL 5117618 (N.D. Cal. Aug. 28, 2015) ...................8

*In re Mego Financial Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ........................................................................2

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................................6, 8-9

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291, 1300 (9th Cir. 1994) ..............................................................7

*Lopez v. Youngblood*,
    No. CV-F-07-0474 DLB, 2011 WL 10483569 (E.D. Cal. Sept. 2, 2011)...........5

*Miletak v. Allstate Ins. Co.*,
    No. C 06-03778 JW, 2012 WL 12924933 (N.D. Cal. July 12, 2012) ................4

*Nwabueze v. AT&T, Inc.*,
    No. C 09-01529 SI, 2014 WL 324262  (N.D. Cal. Jan. 29, 2014) ...................5

*Paul, Johnson*,
    886 F.2d at 272 .......................................................................................7-8

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d. 948, 958-59 (9th Circuit 2009)......................................................4

*Sierra Development Co. v. Chartwell Advisory Group, Ltd.*,
    No. 13-cv-602-BEN, 2017 WL 132843 (D. Nev. Jan. 13, 2017).......................8

*Six (6) Mexican Workers v. Ariz. Citrus Growers,*
    904 F.2d 1301, 1311 (9th Cir. 1990) ........................................................5, 7, 12

*Tom v. Com Dev USA, LLC,*
    No. 16CV1363PSGGJSX, 2017 WL 10378629 (C.D. Cal. Dec. 4, 2017) .........................1

*Torrisi v. Tucson Elec. Power Co.,*
    8 F.3d 1370 (9th Cir. 1993) ..................................................................................7

*Van Vranken v. Atl. Richfield Co.,*
    901 F. Supp. 294, 299 (N.D. Cal. 1995) ............................................................4, 12

*Vincent v. Hughes Air West, Inc.,*
    557 F.2d 759, 769 (9th Cir. 1977). ..................................................................7, 17

*Vizcaino v. Microsoft Corp.,*
    290 F. 3d 1043 (9th Cir. 2002) .........................................................................5, 7

*Wehlage v. Evergreen at Arvin LLC,*
    No. 4:10-CV-05839-CW, 2012 WL 4755371  (N.D. Cal. Oct. 4, 2012) .............................4

*Williams v. MGMPathe Commc'ns Co.,*
    129 F.3d 1026 (9th Cir. 1997) ...............................................................................6

*Willner v. Manpower Inc.,*
    No. 11-CV-02846-JST, 2015 WL 3863625 (N.D. Cal. June 22, 2015) ...........................3

*Wren v. RGIS Inventory Specialists,*
    No. 06-cv-05778-JCS, 2011 WL 1230826 (C.D. Cal. Apr. 1, 2011) .................................6

*Young v. Polo Retail, LLC*,
    2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ...............................................................6

## **OTHER AUTHORITY**

Principles of the Law of Aggregate Litigation, § 3.13(b) (American Law Institute, 2010) ..........8

# I.    INTRODUCTION

Plaintiff Guadalupe Alvarenga Corona ("Plaintiff" or "Class Representative"), by and through Class Counsel, respectfully submits this memorandum in support of Plaintiff's Motion for Fees, Costs, and Service Awards ("Motion"). Plaintiff brings this Motion because the time and effort spent by her and Class Counsel resulted in a $661,793.51 Common Fund and resolution of Plaintiff's and the Settlement Class's claims deriving from Defendant PNC Bank's ("PNC") practice of charging fees for making mortgage payments over the phone ("Pay-to-Pay Fees"). During the Class Period, there was $2,005,434.88 collected in Pay-to-Pay Fees. Thus, the Common Fund represents approximately 33% of damages and will provide automatic cash payments to Settlement Class Members, pay Administrative Costs to provide notice and administer the settlement, and, if approved by the court, pay Fees and Expenses and Service awards that are the subject of this Motion.

Plaintiff seeks a total of $198,538.053 for her Counsel for reasonable fees, and an additional $4,778.80 and reimbursable costs. That requested amount is in line with the Ninth Circuit's standard approach in common fund cases, whereby attorneys receive 30% of the value provided to the class, plus costs.

Additionally, while this fee award is higher than Class Counsel's lodestar, the modest multiplier, estimated to be just over 1.1 by the time the matter is complete, is on the lower side of the acceptable range in the Ninth Circuit. See *Tom v. Com Dev USA, LLC,* No. 16CV1363PSGGJSX, 2017 WL 10378629, at *8 (C.D. Cal. Dec. 4, 2017) (noting that the accepted range of multipliers has ranged from 2 and 4, or even higher). Given the risks inherent in this litigation, the efficient way in which Class Counsel was able to negotiate early resolution to this matter, and the value of the changed practices, such an award is appropriate.

From inception to now, Class Counsel has expended time and resources by, among other things, investigating the factual and legal bases for this suit, meeting with Plaintiff, researching novel legal theories to draft a class action complaint, staying abreast of legal developments in a variety of related cases, conducting extensive discussions with many class members, exchanging mediation memoranda and reviewing class data, participating in an all-day mediation with a mediator and several other settlement discussions, negotiating, drafting, and finalizing the Settlement Agreement and associated paperwork, and addressing this Court's concerns regarding the Settlement Agreement.

Counsel has undertaken the costs and time of this litigation on a pure contingency basis and therefore has paid out-of-pocket for expenses and has not received payment for their work to-date. Counsel took on these risks fully aware that PNC denied all charges and intended to fully defend this case every step of the way. Recovery was therefore far from certain, and even if secured, certain to be delayed for many years.

Plaintiff also seeks reasonable service awards for the time she spent and the risks she took in bringing and participating in this litigation. Plaintiff provided critical assistance to counsel, including by participating in meetings with counsel to provide factual information for the complaint, sharing confidential and sensitive information, such as mortgage paperwork and bank statements, and reviewing pleadings and settlement papers. Indeed, Plaintiff did so at great personal risk to herself, not only to her reputation, but because PNC owned the servicing rights to her home loans. And Plaintiff also made substantial personal sacrifices because she walked away from a generous personal settlement to litigate this case on behalf of the entire Class. Plaintiff seeks a service award of $5,000, an amount consistent with reasonable and just service awards in the Ninth Circuit. See *In re Mego Financial Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (upholding award to

named plaintiff $5,000 in case with $1.725 million total recovery); *Willner v. Manpower Inc*., No. 11-CV-02846-JST, 2015 WL 3863625, at *8 (N.D. Cal. June 22, 2015) ("Many courts in the Ninth Circuit have also held that a $5,000 incentive award is "presumptively reasonable.") (citations omitted).

Plaintiff submits that her requested fees, costs, and service awards are especially appropriate because Plaintiff and her Counsel achieved outstanding relief as to the primary allegation in their complaint. Plaintiffs alleged that PNC had a practice of charging and collecting illegal processing fees from borrowers paying their monthly mortgage by phone. With the settlement, PNC has agreed to a settlement amount that represents 33% of the total Pay-to-Pay Fees collected across the country by PNC from the class during the class period, which is in line with other court-approved class action settlements involving Pay-to-Pay Fees. Moreover, as a result of the litigation, PNC ceased charging such Pay-to-Pay Fees. The Settlement Class Members do not have to submit claims or take any other affirmative steps to receive benefits under the Settlement. Each Settlement Class Member who paid at least one Pay-to-Pay Fee during the Class Period shall be entitled to receive a pro rata share of the Settlement Fund. For each loan on which a Settlement Class Member has paid Pay-to-Pay Fees, the Settlement Administrator shall allocate the amount of the Net Settlement Fund that represents the proportional amount of Pay-to-Pay Fees charged by PNC within the Class Period on that loan. Id.

In sum, and as explained below, in light of the work performed by Class Counsel and the substantial time, effort, and personal sacrifice of the named Plaintiff, the fee, cost, and service awards sought in this Motion are reasonable. For all of the reasons set forth herein, Plaintiff respectfully request that the Court grant these awards.

/ / /

PLAINTIFF'S NOTICE OF MOTION AND MOTION  FOR AWARD OF ATTORNEYS FEES,
REIMBURSEMENT OF LITIGATION EXPENSES AND APPROVAL OF SERVICE AWARD TO
CLASS REPRESENTATIVE

## II.   THE SERVICE PAYMENT SHOULD BE APPROVED

This Court should approve a $5,000 Service Award to Plaintiff in just, fair, and reasonable recognition of her contributions on behalf of the Class. In deciding whether to approve such an award, a court should consider: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulty encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation and; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995). Further, as a matter of public policy, representative service awards are necessary to encourage consumers to take on the reputational risk to formally challenge unfair business practices. See, e.g., *Rodriguez v. West Publ'g Corp.* 563 F.3d. 948, 958-59 (9th Circuit 2009) upholding award of service award awards to class representatives as they "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general"); *Wehlage v. Evergreen at Arvin LLC*, No. 4:10-CV-05839-CW, 2012 WL 4755371, at *5 (N.D. Cal. Oct. 4, 2012) (finding service award justified for plaintiffs "lending their names to this case, and thus subjecting themselves to public attention"); *Miletak v. Allstate Ins. Co*., No. C 06-03778 JW, 2012 WL 12924933, at *2 (N.D. Cal. July 12, 2012) (same); *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. CV 17-2832, 2020 WL 7133805, at *13 (D. Minn. Dec. 4, 2020) (awarding service award because "Class Representatives participated and willingly took on the responsibility of prosecuting the case and publicly lending their names to this lawsuit, opening themselves up to scrutiny and attention from both the public and media").

Plaintiff took on a substantial risk by bringing claims against the company

1  that currently serviced her home loans, and undertook reputational risk, as her
2  association with these lawsuits is publicly available. (Corona Decl. ¶¶6-14.)

3      Plaintiff also worked with counsel to provide information regarding her
4  experiences and claims to enable her to join this case and represent a class
5  throughout the litigation. Id. Plaintiff conducted searches of her personal records
6  and shared sensitive information, including bank records and mortgage documents.
7  Id at ¶11. And Plaintiff remained actively involved in the litigation after the
8  Settlement was reached. Id.

9  **III.    THE FEE AWARD SOUGHT IS REASONABLE AND FAIR**

10     The Settlement Agreement provides for the payment of attorneys' fees and
11 expenses from the common fund. The court may award reasonable fees and costs
12 that are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). Having
13 reached a common fund settlement, Plaintiff's Counsel is entitled to seek an award
14 of fees and expenses from the fund. See *Vizcaino v. Microsoft Corp.,* 290 F. 3d
15 1043, 1047 (9th Cir. 2002); *Six Mexican Workers v. Arizona Citrus Growers*, 904
16 F.2d 1301 (9th Cir. 1990).

17      Under Ninth Circuit standards, it is appropriate for a district court to analyze
18 an attorney's fee request and issue an award either based on (1) the "lodestar"
19 method or (2) by making an award as a percentage of the total benefit made
20 available to the settlement class, including costs, fees, and injunctive relief. See,
21 e.g., *Bluetooth Headset Prods. Liability Litig*., 654 F.3d 935, 941 (9th Cir. 2011);
22 *Nwabueze v. AT&T, Inc.,* No. C 09-01529 SI, 2014 WL 324262, at *2-3 (N.D. Cal.
23 Jan. 29, 2014); *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569,
24 at *11-12 (E.D. Cal. Sept. 2, 2011).

25     In assessing a fee request, courts consider factors like: "(1) the results
26 achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4)
27 the contingent nature of the fee and the financial burden carried by the plaintiffs;

28

and (5) awards made in similar cases.*" In re Omnivision Techs., In*c., 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008).

Furthermore, in the Ninth Circuit, when assessing fairness of a fee award, courts consider the total value provided to the class, including injunctive relief. See *Young v. Polo Retail, LLC*, 2007 WL 951821, at *9 (N.D. Cal. Mar. 28, 2007) (citing *Williams v. MGMPathe Commc'ns Co.*, 129 F.3d 1026 (9th Cir. 1997) (finding "district court abused its discretion in basing attorney fee award on actual distribution to class" instead of amount being made available)). See also Principles of the Law of Aggregate Litigation, § 3.13(b) (American Law Institute, 2010) ("[A] percentage of the fund approach should be the method utilized in most common-fund cases, with the percentage being based on both the monetary and nonmonetary value of the judgment or settlement.").

Here, Plaintiff requests 30% percentage of the cash value of the settlement without taking into account the extra value of the changed practices. This fee represents a modest 1.15 multiplier to the lodestar (currently $173,010.00) and costs of $4,778.80 incurred by Plaintiffs' counsel in the litigation of this matter.[1]

**A. Reasonable Percentage of the Fund Recovered Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases**

For creating a common fund to benefit the Class, Counsel seeks a reasonable percentage of this fund, net of all expenses, as attorneys' fees. The percentage

---

[1] An attorney is entitled to "recover as part of the award of attorney's fees those out-of- pocket that would normally be charged to a fee paying client." *Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir. 1994) (internal quotation marks omitted). To support an award of costs, plaintiff should file an itemized list of their expenses by category, listing the total amount advanced for each category, allowing the Court to assess whether the expenses are reasonable. See *Wren v. RGIS Inventory Specialists,* No. 06-cv-05778-JCS, 2011 WL 1230826, at *30 (C.D. Cal. Apr. 1, 2011).

method of awarding fees is a well-tested and accepted method for awarding fees in common fund cases in this Circuit and throughout the United States. See *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002). It has long been recognized that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.,* 557 F.2d 759, 769 (9th Cir. 1977). The purpose of this doctrine is to avoid unjust enrichment so that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it.*" In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1300 (9th Cir. 1994) ("WPPSS"). This rule, known as the "common fund" doctrine, is firmly rooted in American case law. See, e.g., *Trustees v. Greenough,* 105 U.S. 527 (1882*); Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885).

The Supreme Court recognized in *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984), that, under the common fund doctrine, a reasonable fee may be based "on a percentage of the fund bestowed on the class." While the district court has discretion to award fees in common fund cases based on either the so-called lodestar/multiplier method or the percentage-of-the-fund method (WPPSS, 19 F.3d at 1296), the Ninth Circuit has expressly and consistently approved the use of the percentage method in common fund cases. *Paul, Johnson*, 886 F.2d at 272; *Six (6) Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376-77 (9th Cir. 1993); *Vizcaino*, 290 F.3d at 1050 ("the primary basis of the fee award remains the percentage method"); see *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2015 WL 6002919, at *7 (N.D. Cal. Oct. 15, 2015) (" 'Because the benefit to the class is easily quantified in common-fund settlements,' the Ninth Circuit permits district courts 'to award attorneys a percentage of the common fund in lieu of the often more time-

consuming task of calculating the lodestar.' "); *In re ECOtality, Inc. Sec. Litig., No. 13-cv-03791-SC,* 2015 WL 5117618, at *3-*4 (N.D. Cal. Aug. 28, 2015). And the supporting authority for the percentage method in other circuits is overwhelming.[5]

Since Paul, Johnson, district courts in the Ninth Circuit have predominantly used the percentage method in awarding fees in common fund representative actions. The rationale for compensating counsel in common fund cases on a percentage basis is sound. First, it is consistent with the practice in cases in which the parties and their counsel, rather than courts, decide how to determine a contingency fee award. See, e.g., *Sierra Development Co. v. Chartwell Advisory Group, Ltd.*, No. 13-cv-602-BEN, 2017 WL 132843, *3 (D. Nev. Jan. 13, 2017) (describing 40% contingency fee agreement as "a typical agreement with typical contingency fee terms based on a typical expectation of likely events"). Second, it more closely aligns the lawyers' interest in being paid a fair fee with the interest of the class in achieving the maximum possible recovery in the shortest amount of time.[6] And third, a percentage fee is contemplated by the text of the PSLRA, which states that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount" recovered. 15 U.S.C. § 78u-4(a)(6).

## B.   A Percentage Fee of 30% Is Reasonable in This Case

The guiding principle in this Circuit is that a fee award be " 'reasonable under the circumstances.' " *WPPSS*, 19 F.3d at 1296 (emphasis omitted). "The Ninth Circuit has approved a number of factors which may be relevant to the district court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *de Mira v. Heartland Emp't Serv.*, No. 12-CV-04092 LHK, 2014 WL 1026282, at *1 (N.D. Cal. Mar. 13, 2014); accord *Vizcaino*, 290 F.3d at 1048; *In re Omnivision*

*Techs.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007). Each of these factors supports the 30% fee award.

### 1.  The Results Achieved

The settlement provides significant relief to class members related to their harms. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("[T]he most critical factor" in assessing a fee request "is the degree of success obtained."). To obtain this favorable settlement in the early stages of litigation—before incurring unnecessary costs reducing recovery—Class Counsel engaged in intensive discovery, investigation, and negotiation, including a successful mediation.

### 2.  The Risks of Litigation

Here, the risk in this litigation was high. The dispositive issue here is a straightforward question of law: whether Pay-to-Pay fees are prohibited by federal and state debt collection statutes. Fact discovery, while pertinent to class certification and some secondary issues, would not have informed the parties on this threshold question, and thus, the risk could be assessed early in the litigation. Indeed, at the time the Complaint was filed, the law was uncertain, and courts in this Circuit diverged on the applicability of the FDCPA and Rosenthal Act to Pay-to-Pay Fees. Compare *Flores v. Collection Consultants of California*, No. SACV140771DOCRNBX, 2015 WL 4254032 (C.D. Cal. Mar. 20, 2015) (dismissing similar claims) with *Simmet v. Collection Consultants of California*, No. CV 16-02273-BRO, 2016 WL 11002359 (C.D. Cal. 2016) (denying motion to dismiss similar claims). Despite that, Plaintiff was able to secure an excellent, early settlement without extensive litigation. Grombacher Decl. ¶ 17. Since that time, courts have continued to divide on this issue. Compare *Thomas-Lawson v. Carrington Mortg. Servs., LLC*, No. 2:20-cv-07301-ODW-EX, 2021 WL 1253578 (C.D. Cal. Apr. 5, 2021) (dismissing claims); *Lish v. Amerihome Mortgage Company, LLC*, No. 2:20-cv07147, 2020 WL 6688597 (C.D. Cal. Nov. 10, 2020)

(allowing claims to proceed) with *Lembeck v. Arvest Cent. Mortg. Co.*, 498 F. Supp. 3d 1134, 1135 (N.D. Cal. 2020) (same); *Torliatt v. Ocwen Loan Servicing*, No. 19-cv-04303-WHO, 2020 WL 1904596, at *2 (N.D. Cal. Apr. 17, 2020) (same).

Moreover, as this Courts Order in *Morandi v. Nationstar Mortg., LLC*, No. 219CV06334MCSMAA, 2021 WL 1398967 (C.D. Cal. Apr. 6, 2021), makes clear, certification was not a foregone conclusion

Success here was far from certain, and the fact that the Settlement Class here will be compensated quickly, without protracted litigation or appeals, notwithstanding this uncertainty further supports the fact that it is entirely appropriate to award the requested fee. This excellent result in the face of this risk supports the fee award. See *Vizcaino,* 290 F.3d at 1050 (recognizing risk as a relevant circumstance for awarding fee above 25% benchmark).

### 3. Contingent Nature of the Fee

A determination of a fair fee must include consideration of the contingent nature of the fee and the difficulties that were overcome in obtaining the settlement:

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases. See Richard Posner, Economic Analysis of Law § 21.9, at 534-35 (3d ed. 1986). Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose.

*WPPSS,* 19 F.3d at 1299. Indeed, "[c]ourts 'routinely' enhance multipliers to reflect the risk of nonpayment in common fund cases." *Van Wingerden v. Cadiz, Inc.*, No. LA CV15-03080 JAK (JEMx), 2017 WL 5565263, at *13 (C.D. Cal. Feb. 8, 2017) (citing *Vizcaino*, 290 F.3d at 1051).

PLAINTIFF'S NOTICE OF MOTION AND MOTION  FOR AWARD OF ATTORNEYS FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND APPROVAL OF SERVICE AWARD TO CLASS REPRESENTATIVE

1    The risk of no recovery for a class and its counsel in complex cases of this
2    type is very real. There are numerous class actions in which plaintiffs' counsel
3    expended many hours and yet received no remuneration whatsoever despite their
4    diligence and expertise. Similarly, even the most promising case can be eviscerated
5    by a sudden change in the law after years of litigation.

6        Because the fee in this matter was entirely contingent, the only certainties
7    were that there would be no fee without a successful result and that such a result
8    would be realized only after considerable effort. Nevertheless, Class Counsel
9    committed significant resources of both time and money to vigorously and
10   successfully prosecute this action for the Class' benefit. The contingent nature of
11   counsel's representation strongly favors approval of the requested fee.

12                        **4.  Awards In Similar Cases**

13       The Supreme Court has recognized that an appropriate court-awarded fee is
14   intended to approximate what counsel would receive if they were bargaining for
15   services in the marketplace. See *Missouri v. Jenkins*, 491 U.S. 274, 285-86 (1989);
16   see also *Vizcaino*, 290 F.3d at 1050 ("[I]n most cases it may be more appropriate to
17   examine lawyers' reasonable expectations, which are based on the circumstances of
18   the case and the range of fee awards out of common funds of comparable size."). If
19   this were a non-representative action, the customary fee arrangement would be
20   contingent on a percentage basis and in the range of 30% to 40% of the recovery.
21   See *Blum*, 465 U.S. at 903 ("In tort suits, an attorney might receive one-third of
22   whatever amount the plaintiff recovers. In those cases, therefore, the fee is directly
23   proportional to the recovery.") (Brennan, J., concurring); *In re M.D.C. Holdings*
24   *Sec. Litig.,* No. CV 89-0090 E (M), 1990 WL 454747, at *7 (S.D. Cal. Aug. 30,
25   1990) ("In private contingent litigation, fee contracts have traditionally ranged
26   between 30% and 40% of the total recovery."). Courts look to fees awarded in
27   comparable cases to determine if the requested fee is reasonable. *Vizcaino*, 290 F.3d

28

1  at 1050 n.4.

2       In the Ninth Circuit, the benchmark for an attorney fee is 25% of the total

3  settlement value, including both monetary and non-monetary recovery. See *Six*

4  *Mexican Workers*, 904 F.2d at 1311; see also *Glass v. UBS Financial Services, Inc.*,

5  No. C-06-4068 MMC, 2007 WL 221862, *14 (N.D. Cal. Jan. 26, 2007) ("The Ninth

6  Circuit has repeatedly held that 25% of the gross settlement amount is the

7  benchmark for attorneys' fees awarded under the percentage methods . . . . ").

8  However, "[e]mpirical studies show that, regardless whether the percentage method

9  or the lodestar method is used, fee awards in class actions average around one-third

10  of the recovery." *Chavez v. Netflix, Inc.*, 162 Cal. App 4th 43, 66 n.11 (2008) Indeed,

11  many cases have found that between 30% and 50% of the common fund is an

12  appropriate range when the settlement fund is less than ten million. See *Laguna v.*

13  *Coverall N. Am., Inc.,* 753 F.3d 918, 923 (9th Cir.) ("[T]he district court acted

14  within its proper discretion when it found that the settlement contains significant

15  benefits for Plaintiffs beyond the cash recovery, and thus that the award, at about a

16  third of the lodestar amount, was reasonable."), vacated on other grounds, 772 F.3d

17  608 (9th Cir. 2014); *Galeener v. Source Refrigeration & HVAC, Inc.*, No. 3:13-CV-

18  04960- VC, 2015 WL 12977077, at *1 (N.D. Cal. Aug. 21, 2015) ("'[I]n light of

19  the many cases in this circuit that have granted fee awards of 30% or more', it is

20  'well within the usual range of percentages awarded.'") (quoting *Vedachalam v.*

21  *Tata Consultancy Servs., Ltd*, No. C 06-0963 CW, 2013 WL 3941319, at *2 (N.D.

22  Cal. July 18, 2013) and collecting cases awarding 30% or more); *Van Vranken v.*

23  *Atlantic Richfield Co..*, 901 F. Supp. at 297-98 (collecting cases); see also *Johnson*

24  *v. Gen. Mills, Inc.*, No. SACV 10-00061-CJC(ANx), 2013 WL 3213832, at *6 (C.D.

25  Cal. June 17, 2013) (awarding a fee award of 30% of the settlement fund).

26       Accordingly, the fee percentage requested in well in line with those in similar

27  litigations.  This conclusion is consistent with a holistic approach to fees, and an

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION  FOR AWARD OF ATTORNEYS FEES,
REIMBURSEMENT OF LITIGATION EXPENSES AND APPROVAL OF SERVICE AWARD TO
CLASS REPRESENTATIVE

understanding of what "rough justice" requires in this case. *Fox v. Vice,* 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal... is to do rough justice, not to achieve auditing perfection."); see *also Universal Elecs., Inc. v. Universal Remote Control, Inc.,* 130 F. Supp. 3d 1331, 1335 (C.D. Cal. 2015) ("District Court judges should award fees based on an overall global understanding and review of a case, rather than on a tedious review of voluminous time entries and hourly rates.")

### C. Plaintiffs' Counsel's Requested Fee Is Also Reasonable When Measured Using the Lodestar Method.

If the Court elects to award a fee based on a percentage of the common fund, it is not required to conduct a lodestar cross-check. *In re Google Referrer Header Privacy Litig*., 869 F.3d 737 (9th Cir. 2017) (noting that district court was not required to do a lodestar method cross-check); *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 547 (9th Cir. 2016) ("[A] cross-check is entirely discretionary . . . ."). Indeed, "[i]n a common fund case, a lodestar method does not necessarily achieve the stated purposes of proportionality, predictability and protection of the class and can encouraged unjustified work and protracting the litigation." *Bolton v. U.S. Nursing Corp.*, No. C 12-4466 LB, 2013 WL 5700403, at *5 (N.D. Cal. Oct. 18, 2013) (citing *In re Activision Securities Litigation*, 723 F.Supp. 1373, 1378 (N.D. Cal. 1989)). However, should the Court elect to utilize a lodestar cross-check, Class Counsel's fee here is likewise eminently reasonable. While a modest multiplier of 1.15 is needed, given the risks and result achieved, it is appropriate.

### 1. Plaintiff's lodestar is the result of swift and efficient litigation.

Under the lodestar approach, "[t]he lodestar (or touchstone) is produced by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate." *Lealao v. Beneficial California, Inc*., 82 Cal. App. 4th 19, 26 (2000). Here, because Class Counsel was able to secure a settlement shortly after largely

defeating PNC's Motion to Dismiss, the benefit to Class Members was achieved efficiently, without the need for Class Counsel to spend hundreds of hours in discovery or litigating contested motions.

Class Counsel's lodestar is approximately $173,010.00. (Grombacher Decl. ¶ 57; (tables showing hours worked by timekeeper).) Class Counsel's efforts to date included, without limitation:

 a. reviewing Plaintiff's documents;

 b. conducting in-depth, fact-finding interviews with Plaintiff;

 c. opposing Defendant's motion to dismiss;

 d. amending the pleadings;

 e. engaging in the Rule 26 conference of counsel;

 f. preparing and negotiating the Joint Rule 26 report;

 g. preparing initial disclosures;

 h. preparing requests for production and interrogatories;

 i. responding to requests for production, requests for admission and interrogatories;

 j. meeting and conferring with defendant regarding discovery;

 k. preparing for and participating in mediation, including reviewing and analyzing documents; drafting mediation statements, and performing extensive legal and factual research;

 l. negotiating the settlement and settlement documents;

 m. soliciting bids from settlement administrators;

 n. communicating with members of the class regarding the settlement; and

 o. conferring with the settlement administrator

(Grombacher Decl. ¶ 64); Indeed, Class Counsel estimates that they will incur additional hours of work, including expenses, to see this matter to completion.

PLAINTIFF'S NOTICE OF MOTION AND MOTION  FOR AWARD OF ATTORNEYS FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND APPROVAL OF SERVICE AWARD TO CLASS REPRESENTATIVE

(Grombacher Decl. ¶ 27.) These additional hours will almost certainly increase lodestar. Id at ¶ 59. Thus, it is likely that by the time this matter is closed, the total lodestar will be around at or around the amount sought.

As attested to in Class Counsel's declarations, Class Counsel's rates are the prevailing rates in the appropriate legal markets, and are reasonable. Grombacher Decl., ¶ 21.  Courts in other cases over the past several years have also approved similar fees charged by other firms. See *In re Optical Disk Drive Prod. Antitrust Litig*., No. 3:10-md- 2143-RS, 2016 WL 7364803, at *8 (N.D. Cal. Dec. 19, 2016) (approving hourly rates of $205 to $950); *Civil Rights Educ. and Enforcement Ctr. v. Ashford Hospitality Trust, Inc*., No. 15–cv–00216–DMR, 2016 WL 1177950 (N.D. Cal. Mar. 22, 2016) (finding that requested hourly rates of $900, $750, $550, $500, $430, and $360 for attorneys and $225 for paralegals were "in line with the market rates charged by attorneys and paralegals of similar experience, skill, and expertise practicing in the Northern District of California"); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (approving hourly rates of $475 to $975); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2012) (finding that the district court did not abuse its discretion by awarding hourly rates between $425, $700, and $875).

Class Counsel's current rates are also appropriate given the deferred and contingent nature of counsel's compensation. See *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2nd Cir. 1998) ("[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment . . .." (citing *Missouri v. Jenkins*, 491 U.S. 274, 283- 84 (1989)); *In re Washington Pub. Power Supply Sys. Sec. Litig*., 19 F.3d 1291, 1305 (9th Cir. 1994) ("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement."). Using

1    current rates, rather than historical rates, will fairly compensate counsel for the

2    significant risk of nonpayment taken on in connection with this matter.

3              **2.  In performing the cross-check, a modest multiplier is appropriate.**

4              Courts in this Circuit routinely award multipliers See, e.g., *Vizcaino*, 290

5    F.3d at 1051-52 (approving of 3.65 multiplier and citing multipliers as high as 19.6);

6    *Noll v. eBay, Inc.*, 309 F.R.D. 593, 610 (N.D. Cal. 2015) (listing multipliers as high

7    as 5.2 among "the range of acceptable lodestar multipliers"); *Dyer v. Wells Fargo*

8    *Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014) ("A 2.83 multiplier falls within

9    the Ninth Circuit's presumptively acceptable range of 1.0–4.0."). Multipliers are

10   particularly appropriate in cases where the legal issues are uncertain, and thus the

11   risk is high. *Rodriguez v. Marshalls of CA, LLC,* No. EDCV181716MWFSPX,

12   2020 WL 7753300, at *10 (C.D. Cal. July 31, 2020) (granting multiplier where risks

13   to the litigation made an unfavorable outcome uncertain); *Roberts v. Marshalls of*

14   *CA, LLC*, No. 13-CV-04731-MEJ, 2018 WL 510286, at *16 (N.D. Cal. Jan. 23,

15   2018) (same); *In re High-Tech Emp. Antitrust Litig.,* No. 11-CV- 02509-LHK, 2015

16   WL 5158730, at *10 (N.D. Cal. Sept. 2, 2015) (granting multiplier where "the issues

17   presented in the case were sufficiently complex and novel"); *Parkinson v. Freedom*

18   *Fid. Mgmt., Inc.*, No. 10-CV-0345-TOR, 2012 WL 5194955, at *5 (E.D. Wash. Oct.

19   19, 2012) (granting multiplier where success on claims was uncertain). Multipliers

20   are also used to reward efficient and successful resolution of cases, which serves

21   policy goals of settlement and avoiding wasteful litigation. *In re Bank of Am. Credit*

22   *Prot. Mktg. & Sales Pracs. Litig.*, No. 11-MD-2269 TEH, 2013 WL 174056, at *1

23   (N.D. Cal. Jan. 16, 2013) ("The multiplier of approximately 1.6 is justified by the

24   risk Counsel undertook and the results they achieved for the Class in an efficient

25   manner").

26             Here, Class Counsel's requested fee award of $198,538.053 effectively

27   produces a 1.15 multiplier when compared to the $173,010.00 lodestar. This low

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION  FOR AWARD OF ATTORNEYS FEES,
REIMBURSEMENT OF LITIGATION EXPENSES AND APPROVAL OF SERVICE AWARD TO
CLASS REPRESENTATIVE

number is reasonable, particularly in light of the risks taken on and the fact that such an excellent result was achieved without extensive litigation.

### D.   Class Counsel's Reasonable Costs Should Be Reimbursed

As part of Plaintiff's fee request, Plaintiffs' Counsel additionally requests that the Court grant its application for reimbursement of $4,778.80, in expenses incurred in connection with the prosecution of this Litigation. These expenses are itemized in the Grombacher Declaration. (Grombacher Decl., ¶ 53, Ex. C.) Plaintiff's Counsel is typically entitled to reimbursement of all reasonable out-of-pocket expenses and costs in prosecution of the claims and in obtaining a settlement. See *Harris,* 24 F.3d at 19; *Vincent v. Hughes Air West*, 557 F.2d 759 (9th Cir. 1977) at 769. Thus, the costs should be awarded.

## IV.   CONCLUSION

For all of these reasons, Plaintiff respectfully requests that the Court approve her request for a service award of $5,000 and for a fee award of $198,538.053 and a cost award of $4,778.80, for Class Counsel.

Dated:  December 1, 2021            **BRADLEY/GROMBACHER, LLP**
                                    **LEXICON LAW, PC**

                                    By:  /s/ Kiley Lynn Grombacher
                                        Marcus J. Bradley, Esq.
                                        Kiley Lynn Grombacher, Esq.
                                        John R. Habashy, Esq.
                                        *Attorneys for Plaintiff*

**PROOF OF SERVICE**

STATE OF CALIFORNIA COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address 31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91361.

On December 1, 2021, I served the foregoing documents described as:

1) **PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

2) **PLAINTIFF'S NOTICE OF MOTION AND MOTION  FOR AWARD OF ATTORNEYS FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND APPROVAL OF SERVICE AWARD TO CLASS REPRESENTATIVE**

3) **DECLARATION OF KILEY LYNN GROMBACHER IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR APPROVAL OF ATTORNEYS FEES, COSTS AND SERVICE AWARD;**

4) **DECLARATION OF GUADALUPE ALVARENGA CORONA IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS FEES, COSTS AND SERVICE PAYMENT;**

5) **DECLARATION OF SHARON HOWARD RE: NOTICE PROCEDURES**
on all interested parties in this action as follows: **SEE ATTACHED SERVICE LIST**

[X]   (**BY EMAIL**) On the above date, I served the aforementioned document(s) by electronic mail to the parties' email addresses as they are known to me on the attached Service List. My email address is sboucher@bradleygrombacher.com.   I did not receive, under a reasonable period of time, any indication that the email did not go through.

[X]   (**FEDERAL**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of member of the bar of this Court at whose direction the service was made

Executed December 1, 2021, at Westlake Village, California.

_____
Suzette Boucher

**PROOF OF SERVICE**

*GUADALUPE ALVARENGA CORONA v. THE PNC FINANCIAL SERVICES*
*CENTRAL DISTRICT OF CALIFORNIA*
*CASE NO.* **2:20−cv−06521−DMG−SP**

<u>**Service List**</u>

| **BUCKLEY LLP** | Attorney for Defendant, |
|---|---|
| Fredrick S. Levin | THE PNC FINANCIAL SERVICES |
| Geoffrey L. Warner | GROUP, INC. |
| 100 Wilshire Boulevard, Suite 1000 | |
| Santa Monica, CA 90401 | |
| Telephone: (310) 424-3900 | |
| Facsimile: (310) 424-3960 | |
| Email: flevin@buckleyfirm.com | |
|        gwarner@buckleyfirm.com | |
| | |
| Assistant: Rachael Shimek | |
| rshimek@buckleyfirm.com | |

**PROOF OF SERVICE**